21514

COUNTY OF ORANGEBURG, Respondent, v. G. C. LIVINGSTON, Appellant.

(280 S. E. (2d) 537)

*W. Rhett Eleazer* and *David R. Harrison,* Columbia, *for appellant.*

*Arvid R. Lesemann, Jr.,* Charleston, *for respondent.*

July 8, 1981.

LEWIS, Chief Justice:

Appellant was dismissed from his employment as Director of Public Works for Orangeburg County and appealed his dismissal to the County Grievance Committee which, after a long hearing, held that he had been terminated from his employment without just cause. Thereafter, on the same day

of the action of the Grievance Committee, Orangeburg County Council met in executive session and, without further testimony or a transcript of the hearing before the Grievance Committee, rejected the findings of the Grievance Committee.

Subsequently, appellant filed a Notice of Intent to Appeal and Petition for Review with the Court of Common Pleas. No return was made by respondent County of Orangeburg to the petition for review and no transcripts of the proceedings before the Grievance Committee or County Council were filed, nor are they included in this record on appeal.

However, the respondent filed a motion to dismiss the appeal and petition for review, filed by appellant, on the sole ground that the circuit court had no jurisdiction in the matter because appellant had no right of appeal either in the common law or statutory law of this State.

Thereafter, the trial judge issued an order confirming jurisdiction and appellant's right to a review of the action of respondent, but dismissed appellant's appeal on the merits. Appeal is from that order.

The only issue before the trial judge was whether he had jurisdiction, under appellant's notice of appeal to the circuit court, to review the actions of respondent County Council in reversing the decision of the County Grievance Committee. The trial judge held that the Court had jurisdiction and there is no appeal from that finding. That question is, therefore, not before us.

The testimony affecting the merits is not included in the record before us and, apparently, was not before the trial judge. Since the merits of the controversy were not before the trial judge under the motion to dismiss for lack of jurisdiction, it was error to attempt to decide issues affecting the merits.

We accordingly reverse so much of the decision under appeal as attempts to decide the merits, and remand the cause to the Court of Common Pleas for Orangeburg County for a

hearing and determination on the merits; otherwise the judgment is affirmed.

Littlejohn, Ness, Gregory and Harwell, JJ., concur.